

**FILED**
VANESSA L. ARMSTRONG, CLERK

AUG 3 0 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CRIMINAL ACTION NO. 3:13-cr-00170-JHM**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**

**JESCELL WHITTLE**                                             **DEFENDANT**

**JURY INSTRUCTIONS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations.   A copy of these instructions will be available for you in the jury room.

## I.  GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case.   You must apply the law to those facts.   You must follow the law I give to you whether you agree with it or not.   And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.   That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.   And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.



## BURDEN OF PROOF

The defendant is presumed innocent.  The presumption of innocence remains with him unless the Government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.  The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent.   You must find the defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.   Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives.  If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict.   If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt.  It is simply the formal way the Government tells the defendant what crime he is accused of committing.  It does not even raise any suspicion of guilt and you may not consider it as such.  Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1)      Arguments and statements by lawyers are not evidence;

2)      Questions and objections by lawyers are not evidence;

3)      Testimony I have instructed you to disregard is not evidence; and,

4)      Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.   This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness.   Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly.   You are entitled to consider both kinds of evidence.   The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence.   In doing this, you must decide which testimony to believe and which testimony not to believe.   You may disbelieve all or any part of any witness's testimony.   You might want to take into consideration such factors

3



as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other.   You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence.   Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE

You have heard testimony from persons who have testified as an opinion witness. You do not have to accept the opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

4



## DEFENDANT'S ELECTION NOT TO TESTIFY

A defendant has an absolute right not to testify.   The fact that he did not testify cannot be considered by you in any way.   Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt.   It is not up to the Defendant to prove that he is innocent.

I will now explain the elements of the crime that the Defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Counts 1, 5, and 9 – Robbery by Force, Violence, or Fear

Counts 1, 5, and 9 of the Superseding Indictment charge that, on or about October 22, 2012 at the Cane Run Road Cricket Wireless store, on or about October 29, 2012 at JC's Cigarette Outlet, and on or about October 31, 2012 at the Taylor Boulevard Speedway gas station, in the Western District of Kentucky, the Defendant, Jescell Whittle, committed the crime of robbery by means of actual and threatened force, violence, and fear of immediate injury in violation of federal law.   It is a crime to acquire someone else's property by robbery and in doing so to obstruct, delay, or affect interstate commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

**First,** the Defendant knowingly acquired someone else's personal property;

**Second,** the Defendant took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and

**Third,** the Defendant's actions obstructed, delayed, or affected interstate commerce.

The definitions below apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict on these charges.   If not, say so by entering a not guilty verdict on these charges.

Now I will give you detailed instructions on some of these terms.

"Interstate commerce" is the flow of business activities between one state and anywhere outside that state.   The Government doesn't have to prove that the Defendant specifically intended to affect interstate commerce.   But it must prove that the natural consequences of the acts described in the indictment would be to somehow delay, interrupt, or affect interstate



commerce.   If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.   The effect can be minimal.



## INSTRUCTION NO. 2

### Count 3 – Attempted Robbery by Force, Violence, or Fear

Count 3 of the Superseding Indictment charges that, on or about October 23, 2012 at the Broadway Cricket Wireless store, in the Western District of Kentucky, the Defendant, Jescell Whittle, attempted commit the crime of robbery by means of actual and threatened force, violence, and fear of immediate injury in violation of federal law.   For you to find the Defendant guilty of this crime, you must be convinced that the Government has proved both of the following elements beyond a reasonable doubt:

**First,** that the Defendant intended to commit the crime of robbery by force, violence or fear as defined in Instruction No. 1; and

**Second,** that the Defendant did some overt act that was a substantial step towards committing the crime of robbery by force, violence or fear.

Merely preparing to commit a crime is not a substantial step. The Defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to commit robbery by force, violence or fear. But the Government does not have to prove that the Defendant did everything except the last act necessary to complete the crime. A substantial step is enough.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict on this charge. If not, say so by entering a not guilty verdict on this charge.

8



## INSTRUCTION NO. 3

### Counts 5 and 9 – Aiding and Abetting

For you to find the Defendant, Jescell Whittle, guilty of aiding and abetting robbery or attempted robbery, it is not necessary for you to find that he personally committed the crime.   You may also find him guilty if he intentionally helped someone else to commit the crime.   A person who does this is called an aider and abettor.

But for you to find the Defendant, Jescell Whittle guilty of robbery or attempted robbery as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the crime of robbery by force, violence, or fear or attempted robbery was committed;

**Second,** that Defendant helped to commit the robbery or attempted robbery; and

**Third,** that Defendant intended to help to commit the crime of robbery or attempted robbery.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.   You can consider this in deciding whether the Government has proved that he was an aider and abettor, but without more it is not enough.

What the Government must prove is that the Defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on these charges.   If you have a reasonable doubt about any one of these

9



elements, then you cannot find the Defendant guilty of robbery or attempted robbery as an aider and abettor.



**INSTRUCTION NO. 4**

**Counts 2, 4, 6, and 10 – Using, Brandishing, or Discharging a Firearm During and in Relation to a Crime of Violence**

Counts 2, 4, 6, and 10 of the Superseding Indictment charges that, on or about October 22, 2012 at the Cane Run Road Cricket Wireless store, on or about October 23, 2012 at the Broadway Cricket Wireless store, on or about October 29, 2012 at JC's Cigarette Outlet, and on or about October 31, 2012 at the Taylor Boulevard Speedway gas station in the Western District of Kentucky, the Defendant, Jescell Whittle, used, brandished, or discharged a firearm during and in relation to a crime of violence.

For you to find the Defendant guilty of this crime, you must find that the Government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the Defendant committed the crimes as charged in Counts 1, 3, 5, and 9;

**Second,** that the Defendant knowingly used, brandished, or discharged a firearm; and

**Third,** that the use, brandishing, or discharging of the firearm was during and in relation to the crimes charged in Counts 1, 3, 5, and 9.

Now I will give you more detailed instructions on some of these terms.

To establish "use," the Government must prove active employment of the firearm during and in relation to the crimes charged in Counts 1, 3, 5, and 9. "Active employment" means activities such as brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crimes charged in Counts 1, 3, 5, and 9. "Use" requires more than mere possession or storage.

11



The term "brandish" means, with respect to a firearm, to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   The firearm need not be loaded.

The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crimes charged in Count 1, 3, 5, and 9; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crimes charged in Count 1, 3, 5, and 9, and its presence or involvement cannot be the result of accident or coincidence.

The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on these charges. If you have a reasonable doubt about any of these elements, then you must find the Defendant not guilty of these charges.

If you find the Defendant guilty under Counts 2, 4, 6, or 10, you will be asked in a special verdict form if you believe beyond a reasonable doubt that a firearm was used, brandished, or discharged during or in relation to the crimes charged in Counts 1, 3, 5 and 9.

12



## INSTRUCTION NO. 5

### Counts 6 and 10 – Aiding and Abetting

For you to find the Defendant, Jescell Whittle, guilty of aiding and abetting the using, brandishing, or discharging a firearm during and in relation to a crime of violence, it is not necessary for you to find that he personally committed the crime.   You may also find him guilty if he intentionally helped someone else to commit the crime.   A person who does this is called an aider and abettor.

But for you to find the Defendant, Jescell Whittle guilty of using, brandishing, and discharging a firearm during and in relation to a crime of violence, as an aider and abettor, you must be convinced that the Government has proved each and every one of the following elements beyond a reasonable doubt:

**First,** that the crime of using, brandishing, or discharging a firearm during and in relation to a crime of violence was committed;

**Second,** that Defendant knew beforehand that a firearm would be used, brandished, or discharged during and in relation to a crime of violence; and

**Third,** that Defendant actively participated in the robbery or attempted robbery by force, violence, or fear.

What the Government must prove is that the Defendant did something to help the crime with the intent that the crime be committed.

If you are convinced that the Government has proved all of these elements, say so by returning a guilty verdict on this charge.   If you have a reasonable doubt about any one of these elements, then you cannot find the Defendant guilty of using, brandishing, or discharging a firearm during and in relation to a crime of violence as an aider and abettor.

13



If you find the Defendant guilty under Counts 6 or 10, as an aider or abettor, you will be asked in a special verdict form if you believe beyond a reasonable doubt that a firearm was used, brandished, or discharged during or in relation to the crimes charged in Counts 5 and 9.

14



## INSTRUCTION NO. 6

### Identification Testimony

You have heard the testimony of Amanda Duke and Justin Durbin, who has identified the Defendant as the person who robbed them.   You should carefully consider whether this identification was accurate and reliable.

In deciding this, you should especially consider if the witness had a good opportunity to see the person at that time.   For example, consider the visibility, the distance, whether the witness had known or seen the person before, and how long the witness had to see the person.

You should also consider the circumstances of the earlier identification that occurred outside of court.   For example, consider how that earlier identification was conducted, and how much time passed after the alleged crime before the identification was made.

You may take into account any occasion in which the witness failed to make an identification of Defendant, or made an identification that was inconsistent with his identification at trial.

Consider all these things carefully in determining whether the identification was accurate and reliable.

Remember that the Government has the burden of proving beyond a reasonable doubt that the Defendant was the person who committed the crime charged



## INSTRUCTION NO. 7

You have heard the testimony of Dahntel Newsome.  You have also heard that he was involved in the same crime that the Defendant is charged with committing.   You should consider his testimony with more caution than the testimony of other witnesses.

Do not convict the Defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

The fact that Dahntel Newsome has pleaded guilty to a crime is not evidence that the Defendant is guilty, and you cannot consider this against the Defendant in any way.



## INSTRUCTION NO. 8

### Impeachment of a Witness Other than Defendant by Prior Conviction

You have heard the testimony of Dahntel Newsome.   You have also heard that before this trial he was convicted of a crime.

This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.   Do not use it for any other purpose.   It is not evidence of anything else.

17



## INSTRUCTION NO. 9

### Impeachment by Prior Inconsistent Statement

You have heard the testimony of Dahntel Newsome.   You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was.   You cannot use it as proof of anything else.   You can only use it as one way of evaluating his testimony here in court.

18



## INSTRUCTION NO. 11

### Separate Consideration – Single Defendant Charged With Multiple Crimes

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one.

For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

20



## INSTRUCTION NO. 12

### Statement by Defendant

You have heard evidence that the Defendant, Jescell Whittle, made a statement in which the Government claims he admitted certain facts.   It is for you to decide whether the Defendant made that statement, and if so, how much weight it deserves.   In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant allegedly made it.

You may not convict the Defendant solely upon his own uncorroborated statement or admission.



## INSTRUCTION NO. 13

### Alibi

One of the questions in this case is whether the Defendant was present at the Broadway Cricket Wireless store on or about October 23, 2012 during the attempted robbery.

The Government has the burden of proving that the Defendant was present at that time and place.   Unless the Government proves this beyond a reasonable doubt, you must find the Defendant not guilty.

22



## INSTRUCTION NO. 14

The Superseding Indictment charges that the crime occurred on or about a certain date. Although the Government does not have to prove with certainty the exact date of the alleged offense, the Government must prove that the offense was committed on a date reasonably near the date alleged.

23



## INSTRUCTION NO. 15

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

24



### III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so.   The first order of business should be the selection of a foreperson. That person will   preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous.   To find the Defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.   To find the Defendant not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong.   But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try.   There is no reason to think it could be better tried or that another jury is better qualified to decide it.   Therefore, it is important that you reach a verdict if you can do so conscientiously.   If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you.   You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination.   Do not surrender an honest

25



conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

26

