UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES                                                                    Plaintiff

v.                                                        Criminal Action No. 3:13-CR-170-RGJ

JESCELL WHITTLE                                                                 Defendant

* * * * *

## MEMORANDUM OPINION & ORDER

Defendant Jescell Whittle ("Whittle") moves for "appointment of counsel to help the defendant perfect a request for compassionate release / sentence reduction due to the intervening change in the law making his current sentence 'unusually long' as well as the Nov. 1, 2024 Guideline Amendments." [DE 503 at 4906]. For the reasons below, Whittle's Motion for the Appointment of Counsel [DE 503] is **DENIED**.

## I.       BACKGROUND

In 2016, a jury found Whittle guilty of aiding and abetting attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 3); aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count 9); and two associated counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 4 and 10). He was sentenced to concurrent terms of 60 months in prison for Counts 3 and 9 and consecutive terms of 84 months in prison on Count 4 and 300 months in prison on Count 10. Whittle appealed and the Sixth Circuit affirmed. *United States v. Whittle*, 713 F. App'x 457 (6th Cir. 2017).

Whittle then filed a § 2255 motion to vacate, raising three ineffective-assistance-of-counsel claims. The district court denied the motion and denied Whittle's subsequent motions to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and to amend his § 2255 motion

1

to add a claim that his § 924(c) conviction based on attempted Hobbs Act robbery (Count 4) is no longer valid in view of *United States v. Davis*, 588 U.S. 445 (2019), in which the Supreme Court held that the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. The Sixth Circuit granted Whittle a certificate of appealability as to this court's denial of his motion to amend his § 2255 motion to add a *Davis* claim. *Whittle v. United States*, No. 21-5075, slip op. at 2, 4 (6th Cir. July 27, 2021). The court then granted Whittle's motion to hold the case in abeyance pending a ruling in *United States v. Taylor*, in which the Supreme Court granted certiorari on whether attempted Hobbs Act robbery is a crime of violence after *Davis*. *Whittle v. United States*, No. 21-5075 (6th Cir. Sept. 15, 2021). The Supreme Court has since held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A). *United States v. Taylor*, 596 U.S. 845 (2022). The Sixth Circuit then lifted the stay and the government moved to remand, conceding that, considering *Taylor*, "Whittle's conviction on Count 4 can no longer stand." It also acknowledged that vacating Count 4 will affect Whittle's sentence on Count 10 because, without Count 4, Count 10 will be Whittle's first § 924(c) conviction. As a result, the Sixth Circuit granted the remand to this court with instructions to vacate Whittle's conviction on Count 4 and to resentence on Count 10. *Whittle v. United States*, No. 21-5075 (6th Cir.) (order of Dec. 5, 2022); [DE 457 at 4532].

At resentencing, this court vacated Count 4 and imposed a 200-month sentence for Count 10, to run consecutively to Whittle's two concurrent 60-month terms on the two robbery convictions, which the resentencing did not affect. [DE 476]. All told, Whittle would serve a total of 260 months in prison. Whittle appealed the amended judgment and the Sixth Circuit affirmed. [DE 499 at 4897].

Whittle now requests appointment of counsel "to help the defendant perfect a request for compassionate release / sentence reduction due to the intervening change in the law making his current sentence 'unusually long' as well as the Nov. 1, 2024 Guideline Amendments." [DE 503 at 4906].  He requests counsel asserting that he is "untrained in the science of law and skill in pleading," and that the law clerk at U.S.P. Big Sandy is unavailable to assist him. [*Id.* at 4906-07].

## II.    ANALYSIS

There is no entitlement to appointment of counsel post-trial, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), including proceedings under 18 U.S.C. § 3582(c).  *United States v. Prater*, No. 7:15-11-DCR-3, 2020 U.S. Dist. LEXIS 90385, at *3 (E.D. Ky. May 22, 2020).  "[E]very federal court of appeals to address the issue has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021).  However, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising discretion on whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court.  *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Upon review, the Court finds that the issues involved in seeking a sentence reduction under Amendment 821 or compassionate release are not complex or beyond the capability of an ordinary *pro se* litigant. In addition, Whittle's numerous post-conviction filings reflect his ability to present his claims to this Court.  The motion for appointment of counsel will therefore be denied.  *United States v. Schliebener*, No. 3:16-CR-134-CRS, 2020 WL 3862246, at *4 (W.D. Ky. July 8, 2020).

### III.   CONCLUSION

Because Whittle's case is not one warranting the appointment of post-conviction counsel,

**IT IS ORDERED** that the Motion for Appointment of Counsel [DE 503] is **DENIED**.

September 4, 2024

Rebecca Grady Jennings, District Judge
United States District Court

Copies to:      Defendant, *pro se*